CATHARINE HALL v. HIGGINS AND OTHERS, COMMISSIONERS.

Where an order for distribution, has been made pursuant to the directions contained in the 5th *Section* of the act supplementary to the act for the more easy partition of lands held by coparceners, &c., *Rev. Laws*, 597, each heir or tenant in common, may have an action at law, against the commissioners, for his share of the money. The commissioners are *jointly* responsible.

Cornelius Peterson, Jonathan Higgins and Henry McColm, were in the term of April, A. D. 1826, by the Orphans' Court of the county of Somerset, appointed in due form of law, Commissioners to make partition of the real estate of Richard Hall, in said county, among the lawful owners thereof; that the said

Hall *v.* Higgins and others.

commissioners made report to said court, that said real estate was so circumstanced, that it could not be divided without great prejudice to the owners—whereupon the court ordered said lands to be sold. That afterward, to wit, on the first of December, 1826, the said commissioners all united in making sale of the said real estate, to one Richard Higgins, for the sum of *five thousand, four hundred and six dollars and fifty cents,* and made their report of said sale, to said court, pursuant to the statute in such case made and provided, which said sum of five thousand, four hundred and six dollars and fifty cents, the said commissioners received of the purchaser.

That in the term of October 1832, the above named Catharine Hall brought an action in said Court of Common Pleas, for the balance of her share of said money, against Henry McColm, Cornelius Peterson and Jonathan Higgins the three commissioners above named. The summons issued, was returned by the Sheriff of said county, served on the said Higgins and Peterson, and *non est inventus* as to said McColm. The declaration was drawn and filed, against the three defendants. The said Peterson and Higgins, by T. A. Hartwell, their attorney, caused an appearance to be entered for themselves, (and not for said McColm,) and filed their separate pleas. That in the term of January 1834, the counsel for the plaintiff, applied to the said court, to strike out said pleas, and to require the said Peterson and Higgins to answer the plaintiff's claim, jointly with the said McColm. The court, after hearing counsel on both sides, ordered the said pleas to be stricken out, and the defendants Peterson and Higgins applied to this court for a *mandamus* commanding the Court of Common Pleas to restore the pleas.

*W. Thompson* and *Scott,* for plaintiff.

*Hartwell,* for defendants.

The opinion of the court was delivered by the Chief Justice.

HORNBLOWER, C. J. By a state of the case agreed upon between the parties, it appears—that the defendants, Higgins, Peterson and McColm, were appointed commissioners by the Orphans' Court of Somerset county, to make partition or sale, as the case might require, of the estate of Richard Hall. After a report that the lands were not susceptible of partition, without

prejudice, &c. and an order thereupon for the sale of the premises, the commissioners made a sale thereof, accordingly. They all joined in the sale and conveyance, and also in a report to the court, that they had done so, for the sum of five thousand, four hundred and six dollars, and fifty cents, which had been received by them,   The plaintiff, being one of the heirs at law of Richard Hall, brought this action against the three commissioners, to recover from them, her share or portion of the proceeds of the sale.   The process was served on Higgins and Peterson only, and returned *non est*, as to McColm.   Higgins and Peterson appeared to the suit, and pleaded, 1st *nil debent*— 2dly, that *they* had fully paid over to the parties interested, *all* the monies which ever came to their hands as commissioners, &c.—and 3dly, that they had paid all the monies received *by them* as commissioners, to four of the heirs at law of Richard Hall deceased, naming them, but omitting the name of the plaintiff.   To these pleas, there was appended a notice, that the defendants would prove on trial of the cause, that the plaintiff's share of the money, had been received by McColm, the other commissioner, and had never come to their hands, &c.

The Court of Common Pleas, on the motion of the plaintiff, ordered all these pleas and the notice to be stricken out, as illegal and frivolous.

The opinion of this court, is now sought by the counsel for the parties, whether such commissioners can be sued at law ; and if they can, whether they may sever in their pleas, and set up separate defences.   These questions are brought before the court, on a motion for a *mandamus* to the Common Pleas, commanding them to restore the pleas, &c.   But we are given to understand by counsel, that nothing more is desired of the court, than to express an opinion upon the questions above stated.   I shall not therefore stop to enquire whether this is a proper case for a *mandamus*, but confine my remarks, to the question proposed.

By an act passed the seventh of February, eighteen hundred and sixteen, *Rev. Laws*, 597, it is provided that whenever commissioners appointed to make partition, pursuant to the act, for the more easy partition of land, passed the eleventh of

Hall *v.* Higgins and others.

November, seventeen hundred and eighty-nine, *Rev. Laws*, 89, or in the manner prescribed by the act, to ascertain the power and authority of the Surrogate, &c. passed the eleventh of December, seventeen hundred and eighty-four, *Pat. Rev.* 59, shall be of opinion that the real estate, is so circumstanced, that a partition cannot be made, without great prejudice to the owners, and shall so report, the Judges, or court by whom they were appointed, may order "*the said commissioners*" to sell, &c.

The act of seventeen hundred and eighty-four, *Pat.* 59, only gave to the Orphans' Court, power to appoint commissioners to make partition of the estates of intestates. That act, however, was repealed by an act passed the thirteenth of June, eighteen hundred and twenty, *Rev. Laws*, 776, by the 22d and 23d *Sections* of which, the Orphans' Court are authorized as well in the case of devisees, as heirs at law, to appoint three commissioners to make partition, &c.—and then by the 19th *Section* it is provided, that if such commissioners shall be of opinion that the estate cannot be divided, they may proceed, as is directed in such cases, by the act of seventeen hundred and eighty-nine, *Rev. Laws*, 89, and the act passed the seventh of February, eighteen hundred and sixteen, *Rev. Laws*, 597. By the 20th *Section* of this last mentioned act, it is directed, that in case of a sale, *the commissioners shall report the same* to the Supreme Court, if they were appointed by one of the Justices of that court, or to the Court of Common Pleas, if appointed by Judges of that court, or to the Orphans' Court, if their appointment emanated from that; and the 5th *Section* directs, that the money arising from every sale, *shall be ordered by the court, to be paid by the commissioners*, to the parties interested in the lands, their guardians and legal representatives, in proportion to their respective rights, deducting from their respective shares, the costs and charges which may be allowed and ordered to be retained out of the same. By the several acts above referred to, it is provided, that in case of a *partition*, the report of the commissioners or *any two* of them, shall be made, &c. But no such qualification is added in relation to any other proceeding by the commissioners. It is a joint commission, to be jointly

executed in every particular. Every thing must be done, by *all three* of the commissioners, except that the report of a partition, may be made by any two of them. All must act; all must advertise the sale—all must concur in the sale—all must report the sale—and all must execute the conveyance. The court are to order the monies, to be paid by *the commissioners,* to the persons entitled to it. The whole act contemplates a *joint* proceeding *by the commissioners,* and consequently they must be *jointly* responsible at law.

It follows that if there are any equities existing between the commissioners, they must settle them among themselves, and cannot involve the individuals entitled to the money, in these controversies. A different rule would subject the persons entitled to the money, to the most serious and perplexing difficulties. If the commissioners may possess themselves of different portions of the money, pay what they please, and in what proportions they please, and hold themselves separately answerable, what would be the consequence ? Suppose there should be ten or more tenants in common, or persons interested ; must *each* one bring his action against *each commissioner,* for his aliquot share of such portion of the money, as each commissioner may happen to have? But it is useless to suppose cases ; for a moment's reflection is sufficient to satisfy any one, of the interminable difficulties that would result from such a course.

It was argued, that if such commissioners are to be held *jointly* responsible, no prudent man will accept the office, and the statutes authorising such proceedings, will be defeated. However that may be, we must pronounce the law as it is. Let it be understood, that such commissioners are *jointly responsible,* and prudent men will take care, with whom they become associated in that office, or at any rate, see that the monies arising from sales made by them, are kept in safe hands, until lawfully disposed of.

The motion for a *mandamus,* must therefore be denied ; but such denial is only to be considered as an indication of our opinion, that the defendants are *jointly* answerable, and not as any intimation, that if they were not so, a *mandamus* would be awarded. Nor do I intend to be understood as expressing

Bell *v.* Morris Canal, &c.

any opinion as to the propriety of the remedy sought by the plaintiff on this occasion, or the sufficiency of the declaration, she has filed. Those are questions that must be settled in some other form of proceeding. But I am of opinion, that after the court have made an order for distribution, pursuant to the directions contained in the 5th *Section* of the act of 1816, *Rev. Laws*, 597, each heir or tenant in common, may have an action at law, against the commissioners, for his share of the monies.